UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-79 |
| vs. | : | Judge Timothy S. Black |
| THERON E. LEWIS (1),<br>KEITH A. WATSON (2), | : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANTS'**
**MOTIONS TO SEVER TRIAL (DOC. 60, 61)**

This criminal case is before the Court on Defendants' separate motions requesting that they be tried separately pursuant to Fed. R. Crim. P. 14(a). (Docs. 60, 61). Both motions present the same or similar arguments. The Government filed a single response to Defendants' Motions. (Doc. 68).

An "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Pursuant to Fed. R. Crim. P. 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

Generally, where two "defendants are indicted together, joint trials are encouraged to promote efficiency and avoid the potential for inconsistent verdicts." *United States v. Parks*, 278 Fed. Appx. 527, 531 (6th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534 (1993)). The Sixth Circuit "strongly favors joint trials" in instances "where charges against multiple defendants are proven by using evidence from the same series of acts[.]"

*Id*. (citing *United States v. Blakeney*, 942 F.2d 1001 (6th Cir.1991)).

Separate trials are required "'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (citing *United States v. Walls*, 293 F.3d 959, 966 (6th Cir.2002); *Zafiro*, 506 U.S. at 539). A defendant seeking severance bears "a heavy burden of showing specific and compelling prejudice[.]" *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993) (citations omitted).

Initially, Defendants contend that joinder of the Defendants in one trial does not promote judicial economy here because different eyewitness victims will offer testimony identifying them as a participant in the in the home invasion alleged.[1] Defendants' contentions in this regard are not well-taken.

The indictment alleges a single event occurring on April 3, 2007. While the eyewitness victims at the scene all saw different aspects of that same event, their collective testimony provides the entire background of the event, and the Court is not convinced that separate trials would lead to the individual eyewitnesses victims testifying at only one of two proposed trials. Further, there was one collective investigation by local police who would presumably offer the same testimony at each of the proposed severed trials.[2] In

---

[1] The Court's Order denying Defendants' Motions to Suppress Identification Testimony details the subject matter of the eyewitness testimony. Witnesses Cassandra Powers and Brandy Hurston testified at a suppression hearing that they could identify Defendant Keith Watson as one of the individuals that invaded a residence on Harold Street, Dayton, Ohio on April 3, 2007. Witnesses Dwayne Burg, Jr. and Torrence Burg testified at the suppression hearing that they could identify Defendant Theron Lewis as one of the other invaders. Ms. Hurston also offered identification testimony concerning Lewis, however, the Court has ordered that such identification be suppressed.

[2] In fact, Defendants filed a Joint Motion to issue subpoenas to 12 police officers and one individual from the Miami Valley Regional Crime Laboratory. (Doc. 65).

addition, Defendants propose using the same expert witness regarding eyewitness identification (Doc. 62) who also would presumably be called to testify at each trial if the cases were severed. Accordingly, the Court concludes that judicial economy is not furthered by empaneling two separate juries and requiring the Government to prosecute two separate trials presenting essentially the same evidence.

Next, Defendant Watson asserts that separate trials are required because Defendant Theron Lewis is charged with being a felon in possession of ammunition, an offense that requires the Government to prove that Lewis was previously convicted of "a crime punishable by imprisonment for a term exceeding one year."[3] 18 U.S.C. § 922(g)(1). Defendant Watson fails to meet his burden of demonstrating specific and compelling prejudice in this regard.

The Court notes that the Government has offered to stipulate to the existence of Lewis' prior felony convictions[4] which would remove that fact from the jury's deliberation and otherwise eliminate the jury's exposure to the substantive facts and nature of that previous conviction. Further, even in absence of Defendant Lewis' agreement to such a stipulation, and unless more substantive information of prior convictions is admissible under the Rules of Evidence, the Court intends to limit any evidence of prior convictions to only that necessary to prove the required element of the felon-in-possession charge.

---

[3] The Indictment alleges that Defendant Lewis was previously convicted of receiving stolen property in the Montgomery County, Ohio Court of Common Pleas on March 16, 2005, and was previously convicted of burglary in the Montgomery County, Ohio Court of Common Pleas on March 15, 2006.

[4] Specifically, the Government offers "to enter into a factual stipulation with the defense to establish the fact that the defendant **THERON E. LEWIS** had previously been convicted of a crime punishable by imprisonment exceeding one year without revealing the name or nature of his prior offenses of burglary and receiving stolen property." (Doc. 68, PAGEID 606).

Additionally, the threat of any prejudice to one co-defendant resulting from the introduction of evidence concerning the other co-defendant's prior felony convictions can be further reduced, if not eliminated, by well-crafted limiting instructions to the jury. *Harris*, 9 F.3d at 501 (stating that juries are "presumed capable of sorting out the evidence and considering the case of each defendant separately"). All of the foregoing should alleviate Watson's concern that the jury will be presented with inflammatory evidence concerning the nature and substance of the previous conviction.

Finally, while the parties vaguely reference Fed. R. Evid. 404(b)[5] evidence and the threat of "spill-over" resulting from the introduction of such evidence concerning any one Defendant, the Court is unaware of the Government's intent to introduce any 404(b) evidence and Defendants' Motions give no further insight into such evidence or the potential prejudice that would result.

Accordingly, based on all of the foregoing, Defendants' Motions to Sever (Docs. 60, 61) are **DENIED**.

**IT IS SO ORDERED**.

Date:   2/16/12                                     *s/ Timothy S. Black*
                                                    Timothy S. Black
                                                    United States District Judge

---

[5] Pursuant to Fed. R. Evid. 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" but such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Upon a defendant's request, the government is required to give reasonable pretrial "notice of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2). The Court can excuse pretrial notice upon a showing of good cause. Fed. R. Evid. 404(b)(2)(B).