UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-79 |
| vs. | : | Judge Timothy S. Black |
| THERON E. LEWIS (1),<br>KEITH A. WATSON (2), | : | |
| Defendants. | : | |

**ORDER**

This criminal case is before the Court on a number of pretrial motions filed by the parties. The Motions have been fully briefed by the parties. In addition, the Court heard argument from Counsel at the Final Pretrial Conference on February 23, 2012 concerning these Motions. The Motions are now ripe.

### A. Motions Relating to Informant Testimony

With regard to the numerous motions filed in response to the Government's previously disclosed intent to offer the testimony of Quincy Singleton at trial, such Motions are moot in light of the Government's representation that it does not intend to call Quincy Singleton as a witness at trial. As a result, all of these Motions (Docs. 83, 84, 85, 86) are **DENIED** as **MOOT**.

### B. Motions Relating to the News Broadcast

Defendants filed Motions in Limine seeking to exclude the Government from playing a WHIO news broadcast at trial. (Doc. 76, 77). The Government proposed a solution at the Final Pretrial Conference by proposing the use of only a single screen shot

from that broadcast. (Doc. 94). The Court ultimately agreed that the Government may introduce the proposed screen shot featuring the photographs of the two Defendants without the photograph of Thomas Watson and without the arrow displayed on the screen shot.

Accordingly, except to this limited extent, Defendants' Motions in Limine (Doc. 76, 77) regarding the news broadcast are **GRANTED**.

    C.    <u>**Motions Relating to Autopsy Photographs**</u>

The Government has expressed its intent to introduce certain autopsy photographs of Dwayne Burg, Sr. who was shot and killed during the home invasion robbery at issue in this case. Defendant contends that the photographs must be excluded pursuant to Fed. R. Evid. 403 because the risk of unfair prejudice and confusion of the issues substantially outweighs the probative value of the photographs. The Government responds that the autopsy photographs "are relevant in showing the identification of the victim, manner of death, murder weapon used or any element of crime[,]" and poses little risk of unfair prejudice because the photographs are "very clinical."

Defendants do not dispute that Dwayne Burg, Sr. died as a result of gunshot wounds sustained during the robbery and represent an intent to stipulate to the coroner's report in lieu of admitting the photographs at trial. Therefore, while relevant, the probative value of the autopsy photographs is not overwhelming in light of the proposed stipulation. Nevertheless, having reviewed the photographs, the Court agrees with the

Government's description of them as clinical, *i.e*, they are not gruesome or inflammatory.

At most, in light of the proposed stipulation, the photographs are cumulative, but not needlessly so, assuming the Government appropriately restricts the number of photographs to be introduced as represented in its response. Certainly, Defendants are free to object at trial should they believe the Government's presentation of autopsy photographs is needlessly cumulative.

Accordingly, Defendants' Motions in Limine in this regard (Doc. 87, 89) are **DENIED**.

### D. Motions Relating to Photographs of Defendants in Jail Attire

Defendants seek to exclude certain photographs of Defendants depicting them in jail attire, as well as a purported rap album cover depicting one of the Defendants as a member of a local street gang.[1] Initially, the sole basis for Defendants' Motions in this regard related only to the depictions of Defendants in jailhouse attire. However, at the Final Pretrial Conference, Defendants sought to exclude the photographs on an additional basis, i.e., insofar as the Government seeks to introduce the photographs to inform the jury of the purported significance of Defendants' tattoos and their connection to street gangs. Both arguments center upon relevance and, to extent the photographs may be relevant, Defendants contend that the risk "of unfair prejudice and confusion of issues would

---

[1] A copy of the album cover has not been presented to the Court for its review. Assuming no jail attire is displayed on the album cover, the Court will determine the ultimate admissibility of the album cover at trial when determining the admissibility of Major Patrick J. Welsh's expert testimony.

substantially outweigh any potential relevance that the photographs might have."

Generally, photographs of persons in prison clothing "make people believe that the person is 'bad,' and therefore can be unfairly prejudicial." *United States v. George*, 160 Fed. Appx. 450, 456 (6th Cir. 2005); *United States v. McCoy*, 848 F.2d 743, 745-46 (6th Cir. 1988) (finding that, although ultimately harmless, it was error for trial court to allow a lineup photo of defendant dress in "prison garb" into evidence where it "had no probative value"). The Court does note, though, that even in the absence of the photographs showing Defendants in jail attire, "[j]urors . . . are likely to presume that a criminal defendant, irrespective of his or her guilt or innocence, has spent at least some time in custody as a result of being charged with a crime, particularly one such as murder." *Bruton v. Renico*, 391 F.3d 764, 778 (6th Cir. 2005).

Here, the Court first concludes that Defendants' concerns about photographs depicting them in jail attire are not at issue in at least three of the photographs presented to the Court. (Doc. 80-1, PAGEID 678, 679, 680). Accordingly, because no jailhouse clothing is shown in these three photographs (PAGEID 678, 679, 680), exclusion on that basis is not required. A number of other photographs (Doc. 80-1, PAGEID 671, 672, 673, 674, 675 676, 681, 682) show only a minimal amount of jailhouse clothing which could possibly be cropped out without impacting the substance.

However, the first photo (Doc. 80-1, PAGEID 670), which looks like a mugshot and prominently displays Defendant is jail attire, should be excluded pursuant to Fed. R.

Evid. 403 because the risk of unfair prejudice outweighs any probative value the photo may possess. Moreover, the photo is needlessly cumulative because the tattoos photographed are too faint to see and are more clearly shown in two other photographs which could likely be appropriately cropped to eliminate or reduce any viewing of jail attire. (Doc. 80-1, PAGEID 675, 676).

The same analysis applies to the eighth photo (Doc. 80-1, PAGEID 677), though the Court expresses the belief that the eighth photo can be appropriately cropped by eliminating any view of the jailhouse clothing and still depict the purportedly relevant substance within the photo. Otherwise, the probative value possessed by the eighth photograph is outweighed by unfair prejudice and could be needlessly cumulative because the remaining photographs depict the same substance, yet more closely and more clearly. (Doc. 80-1, PAGEID 678-82).

Accordingly, Defendants' Motions in Limine are **GRANTED** with regard to the first photo. (Doc. 80-1, PAGEID 670). The Motions are also **GRANTED** with regard to the eighth photo (Doc. 80-1, PAGEID 677), unless it can be adequately cropped. The Motions, insofar as they are based simply on Defendants' being in jail attire, are otherwise **DENIED** with regard to the remaining photographs, provided the jail attire can be adequately cropped.

### E. Motions Relating to Expert Witnesses

With regard to the parties' motions concerning expert witnesses (Docs. 69, 70, 73,

74, 78, 81, 95), with the parties' consent, the Court intends to conduct the appropriate hearings at trial outside the presence of the jury to determine whether the proposed testimony from the experts is proper under Fed. R. Evid. 702 and otherwise relevant to the facts of this case. The Court will also determine the ultimate admissibility of the photographs showing Defendants' tattoos in conjunction with determining the admissibility of Major Patrick J. Welsh's testimony.

F.   Conclusion

Accordingly, based on all of the foregoing, and to the extent expressed in the foregoing decision:

(1)   Docs. 83, 84, 85, 86 are **DENIED** as **MOOT**;

(2)   Except to the limited extent ordered by the Court, Defendants' Motions in Limine (Doc. 76, 77) regarding the news broadcast are **GRANTED**;

(3)   Defendants' Motions in Limine concerning the autopsy photographs (Doc. 87, 89) are **DENIED**;

(4)   Defendants' Motions in Limine (Doc. 80, 82) concerning the photographs of Defendants in jail attire are **GRANTED** with regard to the first photo (Doc. 80-1, PAGEID 670), **GRANTED** with regard to the eighth photo (Doc. 80-1, PAGEID 677) unless the photo can be adequately cropped, and **DENIED** with regard to the remaining photographs provided the jail attire can be adequately cropped from the photographs;

(5)   All Motions (Docs. 69, 70, 73, 74, 78, 81, 95) relating to the admissibility of expert testimony will be dealt with at trial as well as objections to the photographs showing Defendants' tattoos.

**IT IS SO ORDERED.**

Date: 2/24/12                                   *s/ Timothy S. Black*
                                                Timothy S. Black
                                                United States District Judge